IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALEXANDER MARSHALL, Individually and on behalf of similarly situated individuals, <br><br> Plaintiff, <br><br> v. <br><br> LIFE TIME FITNESS, INC., a Minnesota corporation, and LTF CLUB OPERATIONS COMPANY, INC., a Minnesota corporation, <br><br> Defendants. | ) ) ) ) ) ) ) ) No. ) ) ) ) ) ) ) |

## NOTICE OF REMOVAL

Defendants Life Time, Inc.[1] and LTF Club Operations Company, Inc. (collectively "Life Time" or "Defendants") hereby remove this putative class action from the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois, Eastern Division. This Court has diversity jurisdiction because the parties are completely diverse and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1441, 1446, and 1332(a)-(b). This Court also has jurisdiction under the Class Action Fairness Act ("CAFA") because the parties are minimally diverse and the aggregate amount in controversy exceeds $5 million. *See* 28 U.S.C. §§ 1441, 1446, 1332(d), and 1453(b).

**I.     Overview Of Claims Asserted And Relief Sought**

Plaintiff Alexander Marshall asserts seven claims on behalf of himself and a putative class. *See* Exhibit A, which contains "a copy of all process, pleadings, and orders served upon"

---

[1] Plaintiff's pleadings refer to this company by its former name, "Life Time Fitness, Inc." The company is now called Life Time, Inc.

4003495

Life Time. 28 U.S.C. § 1446(a). The first six claims contend that Life Time violated the Illinois Biometric Information Privacy Act ("BIPA," 740 ILCS 14/1, *et seq.*), and the seventh is for common law negligence. Cplt. ¶¶ 52–61 (Claims I–VI) and 62-69 (Claim VII).

All seven claims rest upon the same factual allegations. Plaintiff alleges that Life Time required employees to scan their fingerprints and later use their fingerprints to punch in and out of work, all in a manner that was negligent and violated BIPA. *See, e.g.*, Cplt. ¶¶ 29-43.

Plaintiff defines the putative class as follows:

> All individuals whose biometric identifiers and/or biometric information was collected, captured, obtained, stored or used by Defendants within the State of Illinois during the applicable limitations period.

Cplt ¶ 44. Plaintiff seeks as relief, among other things, "statutory damages of $5,000 for each willful and/or reckless violation of BIPA[.]" Cplt. p. 17.

## II. Removal Is Proper

### A. This Court has diversity jurisdiction

#### 1. Complete diversity

Diversity exists under 28 U.S.C. § 1332(a) because "there is complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State" of Illinois. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005). Plaintiff alleges that he is a citizen of Illinois. Cplt. ¶ 15. Defendants are citizens of Minnesota (28 U.S.C. § 1332(c)(1)) because each is headquartered and incorporated there. *See* Ex. B, Declaration of James Rabideau, at ¶¶ 2-3. *See also* the caption to the complaint, alleging that Defendants are Minnesota corporations.

### 2. Amount in controversy

The amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). Plaintiff alleges that "[e]ach time an employee biometrics [sic] were scanned, Defendants violated BIPA" (Cplt. ¶ 31), and that Plaintiff's finger was scanned "hundreds of times" (Cplt. ¶ 32). Plaintiff seeks $5,000[2] in statutory damages for each scan (Cplt. p. 17), which exceeds the $75,000 amount in controversy threshold. For example, the product of 100 violations and $5,000 in statutory damages would yield an amount in controversy of $500,000. Even Plaintiff's alternative request for $1,000 in statutory damages, combined with Plaintiff's allegation that "hundreds" of scans equates to "hundreds" of violations, would exceed $75,000.

### B. This Court has jurisdiction under CAFA

This Court has jurisdiction under CAFA because the case is a purported "class action" (Cplt. ¶¶ 44–51) in which (A) minimal diversity exists; and (B) the amount in controversy exceeds $5 million. *See* 28 U.S.C. §§ 1332(d)(1)(B) (defining "class action" to include state law class actions); 1332(d)(2) (granting district courts original jurisdiction over purported class actions in which the amount in controversy exceeds $5 million and "any member of a class of plaintiffs is a citizen of a State different from any defendant"); 1453(b) (permitting removal of class actions under section 1446); and 1446 (permitting removal).

---

[2] This is the correct number to use for purposes of determining the amount in controversy, not Plaintiff's alternative $1,000-per-person request for negligent BIPA violations. *See, e.g.*, *Geschke v. Air Force Ass'n*, 425 F.3d 337, 342 (7th Cir. 2005) (amount in controversy satisfied because, on the face of the complaint, it was not "legally impossible at the outset" for the plaintiff to recover in excess of the jurisdictional minimum).

3

### 1. Minimal diversity

Minimal diversity exists because "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2). As explained above in Section II.A.1, Defendants are citizens of Minnesota and Plaintiff alleges that he is a citizen of Illinois.

### 2. Amount in controversy

The amount in controversy under CAFA "exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). The complaint alleges that each class member is entitled to statutory damages of up to $5,000 (Cplt. p. 17), and CAFA requires "the claims of the individual [purported class] members [to] be aggregated." 28 U.S.C. § 1332(d)(6). As of the date the complaint was served, October 31, 2017, Life Time, Inc.'s wholly-owned affiliate employed approximately 1,956 people in Illinois who were actively enrolled in Life Time's finger-scan enabled timekeeping program. Ex. B ¶ 4. The product of 1,956 people and $5,000 in alleged statutory damages yields an aggregate amount in controversy of $9,780,000.

## III. The Procedural Requirements For Removal Have Been Satisfied

This notice is timely. A notice of removal must be filed within 30 days of service. 28 U.S.C. § 1446(b). Life Time was served with the complaint on October 31, 2017. *See* Ex. A. Counting forward 30 days makes the deadline Thursday, November 30. Life Time is today sending its notice of removal filings to the Plaintiff under 28 U.S.C. § 1446(d). Life Time is tomorrow filing this notice with the Circuit Court of Cook County, along with an executed copy of the Notice of Filing Notice of Removal attached hereto as Exhibit D. *See* Exhibit C, Declaration of Patrick J. Castle.

Dated:  November 29, 2017  Respectfully submitted,

        LIFE TIME, INC. and
        LTF CLUB OPERATIONS COMPANY, INC.

        By: */s/ Gary M. Miller*

        Gary M. Miller (ARDC 6229867)
        Anna S. Knight (ARDC 6298702)
        Patrick J. Castle (ARDC 6308721)
        SHOOK, HARDY & BACON L.L.P.
        111 South Wacker Drive, 51st Floor
        Chicago, IL  60606
        Tel:  (312) 704-7700
        Fax:  (312) 558-1195
        Firm No. 58950
        gmiller@shb.com
        asknight@shb.com
        pcastle@shb.com

        ***Attorneys for Defendants Life Time, Inc. and LTF Club Operations Company, Inc.***

4003495

# **CERTIFICATE OF SERVICE**

    I, Patrick J. Castle, an attorney, hereby certify that on **November 29, 2017**, I caused a true and correct copy of **NOTICE OF REMOVAL** to be served by electronic mail on counsel of record in *Alexander Marshall v. Life Time Fitness, Inc., et al.*, Case No. 2017 CH 14262, in the Circuit Court of Cook County, addressed as follows:

> Myles McGuire
> Evan M. Meyers
> David L. Gerbie
> MCGUIRE LAW, P.C.
> 55 West Wacker Drive
> Ninth Floor
> Chicago, IL  60601
> (312) 893-7002
> mmcguire@mcgpc.com
> emeyers@mcgpc.com
> dgerbie@mcgpc.com
>     ***Attorneys for Plaintiff***

          */s/ Patrick J. Castle*

4003495